D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAHIR UDDIN, on behalf of himself and
others similarly situated,

        Plaintiff,

   v.

ADR RESTAURANT INC. d/b/a THE
DELANCEY, and ALEKSANDRA DROZD,

        Defendants.
-------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

JURY TRIAL DEMANDED

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant ADR RESTAURANT INC. d/b/a The Delancey is a New York corporation.

5. Defendant ADR Restaurant Inc. owns and operates the restaurant called The Delancey located in Manhattan.

6. The Delancey has annual gross sales in excess of $500,000.

7. Defendant Aleksandra Drozd owns and operates The Delancey. She is present at the restaurant frequently to oversee day-to-day operations, including the payroll practices described in this Complaint. She has authority to hire and fire employees. She in fact hired Plaintiff and has recently communicated with him with respect to his recent termination.

8. The liquor license for The Delancey is lists Defendant Drozd as a principal.

9. Plaintiff Jahir Uddin ("Plaintiff") was employed by Defendants as a bartender at The Delancey from approximately 2004 until May 2024.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants at The Delancey on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs,

practices, procedures, protocols, routines, and rules of willfully retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last mailing addresses email addresses, and cellphone numbers known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiff brings the Second, Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23 on behalf of all service employees employed by Defendants at The Delancey on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

15. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are

presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

16. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and spread of hours compensation, illegally retaining tips, and failing to provide wage notices required by New York law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

f) Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents and/or non-service employees

g) Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

h) Whether Defendants provided Plaintiff and Class members with proper wage notices.

## FACTS

21. Plaintiff's Consent to Sue form is attached as Exhibit A.

22. Defendants committed the following acts knowingly, intentionally and willfully.

23. Defendants knew that the nonpayment of minimum wage and spread of hours compensation and illegal deductions from the tips of Plaintiff, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

24. Plaintiff worked for Defendants as a bartender.

25. Plaintiff and the other tipped employees at The Delancey were paid an hourly rate that utilized a tip credit and was lower than the full minimum wage.

26. For example, in 2023, the New York State minimum wage rate was $15 per hour and, under New York State Hospitality Industry Wage Order, employers who met certain criteria could take advantage of a tip credit of up to $5 per hour and pay tipped employees $10 per hour.

Employers were also permitted to apply the same tip credit rate of up to $5 per hour to employees' overtime rates.

27.   Defendants were not entitled to pay Plaintiff less than the full minimum wage because Defendants did not give Plaintiff proper written notice of the minimum wage. In fact, Defendants did not provide Plaintiff with *any* written wage notice.

28.   Plaintiff was not given appropriate notices and acknowledgments of pay rate as required by New York Law. As a result of Defendants' failure to provide the written wage notice required by N.Y. Lab. L. § 195(1), Defendants' use of the tip credit was an underpayment of wages, and Plaintiff was unaware of the full minimum wage/tip credit requirements.

29.   Defendants required all service employees to pool their tips.

30.   However, the tip pool at The Delancey illegally included individuals who had supervisory control over other members of the food service staff.

31.   Specifically, the tip pool included managers such as General Manager Kevin Lee, Cindy (last name unknown), Claudia (last name unknown), and Sabina Witowska,.

32.   The managers' supervisory control included, for example, scheduling employees, interviewing potential hires, recommending that employees be promoted or disciplined, and comping and/or voiding items on customers' checks.

33.   When Plaintiff worked on Saturdays, his workdays lasted longer than 10 hours. They would typically start at 4:00 p.m. and extend past 2:30 a.m. However, Defendants did not pay him New York's "spread of hours" premium for these shifts.

34.   Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members, and the Class.

35. In or about early late 2023, Plaintiff complained to the restaurant's management, including Kevin Lee, about Sabina Witowska's participation in the restaurant's tip-pool.

36. Shortly thereafter, Ms. Witowska began to retaliate against Plaintiff by moving his assignment from the coveted rooftop shifts to the "basement" shifts, which were typically assigned to bartenders that were far junior to Plaintiff.

37. On May 10, 2024, Plaintiff complained to Ms. Witowska about this retaliatory behavior.

38. Later that day, Ms. Witowska removed Plaintiff from the restaurant's schedule.

### FIRST CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

41. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

42. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

43. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA,

attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.2)
(Brought by Plaintiff on Behalf of Himself and the Class)**

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants knowingly failed to pay Plaintiff and the Class members the full New York State minimum wage for all hours worked.

46. Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

47. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d)
(Brought by Plaintiff on Behalf of Himself and the Class)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants willfully diverted portions of Plaintiff's and Class Members' tips to tip-ineligible managers.

50. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Spread of Hours, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

51. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52. Defendants did not pay Plaintiff and members of the Class New York's spread of hours premium when their workdays lasted longer than 10 hours.

53. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. Defendants did not provide Plaintiff and members of the Class with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

56. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**N.Y. Lab. L. § 215 (Retaliation)**
**(Brought by Plaintiff on Behalf of Himself)**

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58. Defendant retaliated against Plaintiff for complaining about (1) Defendants' unlawful tip pool practices and (2) retaliation for complaining about Defendants' unlawful tip pool practices.

59. Defendants' conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

60. As a result of Defendants' conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, and other financial loss, as well as suffering humiliation, embarrassment, emotional distress, and mental anguish.

61. Plaintiff seeks all legal and equitable remedies available for violations of N.Y. Lab. L. § 215, including compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**29 U.S.C. § 215 (Retaliation)**
**(Brought by Plaintiff on Behalf of Himself)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

63. Defendant retaliated against Plaintiff for complaining about (1) Defendants' unlawful tip pool practices and (2) retaliation for complaining about Defendants' unlawful tip pool practices.

64. Defendants' conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

65. As a result of Defendants' conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, and other financial loss, as well as suffering humiliation, embarrassment, emotional distress, and mental anguish.

66. Plaintiff seeks all legal and equitable remedies available for violations of 29 U.S.C. § 215, including compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.     Pre-judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated:  New York, New York          Respectfully submitted,
        May 21, 2024
                                    JOSEPH & KIRSCHENBAUM LLP


                                    By: */s/ D. Maimon Kirschenbaum*
                                        D. Maimon Kirschenbaum
                                        Michael DiGiulio
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 981-9587

                                    *Attorneys for Named Plaintiff, proposed*
                                    *FLSA Collective Plaintiffs, and proposed*
                                    *Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.